# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WALTER G. MATTHEWS,

    Plaintiff,

v.                                                Case No. 16-CV-155

MARY SAUVEY, et al.,

    Defendants.

## ORDER

On February 12, 2016, the plaintiff filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On March 25, this Court granted Plaintiff's motion for leave to file an amended complaint. Plaintiff has since obtained counsel to represent him in pretrial proceedings in this case. This case is now before the court on Plaintiff's motion to amend the amended complaint (ECF No. 36), Defendant Bruckner's motion to dismiss Count 1 of Plaintiff's amended complaint (ECF No. 38), and Plaintiff's unopposed motion for leave to amend by dismissal his medical malpractice claim (ECF No. 45).

## BACKGROUND

In December 2014 Plaintiff was incarcerated at Green Bay Correctional Institution (GBCI). On December 20, 2016, Plaintiff felt a "pop" in his lower right leg while playing basketball. Afterward, Plaintiff began to experience severe pain. Plaintiff was then taken to the Health Services Unit where he was seen by Defendant Alsteen, a registered nurse at GBCI. Plaintiff informed

Alsteen of his pain, inability to bear weight, swollen ankle, and difficulty flexing his foot without pain. Alsteen provided Plaintiff with crutches, ice, an extra pillow, a rest and lower bunk recommendation, and a 200mg ibuprofen prescription. Though Plaintiff had requested a referral to have an MRI test, Alsteen denied the request. Alsteen also scheduled Plaintiff for a nursing follow-up for three days later.

Defendant Bruckner, a nurse practitioner at GBCI, examined Plaintiff on December 23, 2014. Plaintiff related to Bruckner that: he had serious pain in his right leg; ibuprofen was an ineffective treatment; his leg couldn't bear weight; he had difficulty flexing his foot; and he struggled with using crutches. Plaintiff demanded that Bruckner refer him to an off-site doctor for an MRI test. Bruckner denied his request. Bruckner diagnosed Plaintiff's injury as a probable Achilles strain, advised him to continue with the orders already in place, and discontinued his use of crutches. Though Plaintiff requested the continued use of crutches or a wheelchair he was denied both. Bruckner also advised Plaintiff to avoid exertional activity until the pain subsided.

On February 25, 2014, Plaintiff was seen at the HSU for an unrelated health issue. At the appointment Plaintiff complained that his Achilles injury had failed to recover. Bruckner noted Plaintiff's symptoms and referred him to an outside doctor for an MRI. On March 13, 2015, Plaintiff was transported to St. Vincent Hospital where he was diagnosed with a full thickness tear of the distal Achilles tendon. On April 15, 2015, Plaintiff had surgery on the tendon. Plaintiff had a second surgery to repair his Achilles tendon on July 19, 2015. Plaintiff alleges that as a result of the delay in his treatment he is permanently deformed and will walk with a limp for the rest of his life.

2

**ANALYSIS**

**1. Medical Malpractice Claim**

On July 11, 2016, Plaintiff filed a motion for leave to amend the complaint by dismissal of the medical malpractice cause of action against Defendant Bruckner.[1] ECF No. 45. The motion states that it is unopposed and a letter from Defendant Bruckner's counsel is attached in support. Defendant is likely correct that Plaintiff would be unable to pursue his medical malpractice claims against Bruckner without first complying with the terms of Wis. Stat. § 655.445. As such, Plaintiff's motion for leave to amend by dismissal pursuant to Federal Rule of Civil Procedure 15(a) will be granted. *See Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (holding that voluntary dismissal of a single cause of action from a complaint is governed by Fed. R. Civ. P. 15(a) not Fed. R. Civ. P. 41(a)).

**2. Motion to Amend**

On May 23, 2016, Plaintiff filed a motion to amend/correct the amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) and Civil L.R. 15. Plaintiff explains that he, when proceeding pro se, neglected to attach the exhibits to which he referred in the text of the complaint. Plaintiff now seeks to file the amended motion with the exhibits attached. The proposed second amended complaint is identical to the first amended complaint in all other respects. The time for Defendants to respond to this motion has elapsed and Defendants have failed to respond. I find that justice requires that I grant Plaintiff's motion for leave to amend. Fed. R. Civ. P. 15(a)(2). Defendants have not opposed the motion and would not be prejudiced by this Court granting leave to file the exhibits. Apparently, although Plaintiff failed to file his exhibits with the Court along with his amended

---

[1] The amended complaint states a medical malpractice claim only against Bruckner.

complaint, he did serve those exhibits on Bruckner along with his original complaint. Def.'s Br. in Supp. 2 n.1, ECF No. 39. Furthermore, Plaintiff made the mistake when he was still proceeding pro se in this matter. Therefore, Plaintiff's motion for leave to amend (ECF No. 36) will be granted. Since the allegations of the complaint are unchanged, defendants need not file new answers. Their original answers will suffice.

**3. Deliberate Indifference**

Dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To state a claim, a complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In deciding a motion to dismiss, the court construes the allegations in the complaint in a light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). "It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider 'documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim.'" *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).

Defendant Bruckner seeks an order dismissing Count I of Plaintiff's Amended Complaint for failure to state a plausible claim of deliberate indifference under the Eight Amendment. Def.'s Mot. Dismiss 1, ECF No. 38. Bruckner argues that her actions in the complaint, when viewed in a light most favorable to the plaintiff, at most constitute negligence—not deliberate indifference.

Bruckner's argument suffers from two fatal errors. First, Bruckner's argument rests too heavily on facts taken from the documents attached to Plaintiff's amended complaint. Second, Bruckner fails to read those facts in a light most favorable to the plaintiff and draw all inferences in favor of the plaintiff. While the amended complaint makes a number of references to the attached exhibits, *see* Am. Compl. ¶¶ 17, 24, 29, 55, ECF No. 24, these citations are not "central" to Plaintiff's claim. *See Brownmark Films, LLC*, 682 F.3d at 690. Rather, they mostly confirm dates, lengths of time, and specific medical diagnoses. Am. Compl. ¶¶ 17, 24, 29, 55, ECF No. 24. Rather than merely relying on the attached exhibits for these limited facts, Bruckner's argument assumes the veracity of the entire attached medical records and notes. Bruckner then attempts to use the medical records and notes to contradict the complaint and undermine Plaintiff's claim. *See, e.g.*, Def.'s Br. in Supp. 10, ECF No. 39 ("Matthews' allegation that he asked for his crutches back are belied by his own statements to Nurse Bruckner as reflected in the medical records. The Nursing Encounter Protocols indicate Matthews presented to the HSU carrying his crutches and told her he can walk, he did not like to use crutches because it is 'too hard.' Nurse Bruckner's progress notes similarly state 'Was placed on crutches, not using due to difficulty of use per report. Reports walking on [right] leg – "pain not that bad."' Because medical records show Matthews was not using and did not want to use the crutches, his averments that he requested his crutches back should be disregarded."). Bruckner's level of reliance on these exhibits is misplaced.

Using the correct legal standard for Rule 12(b)(6) motions, Plaintiff's amended complaint raises "a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Plaintiff's basic allegations are simple: with deliberate indifference Bruckner failed to take steps to properly address his torn Achilles tendon and as a result Plaintiff was left walking around for two months without crutches

5

and with a ruptured Achilles tendon, eventually leaving Plaintiff with a permanent limp. Am. Compl. 4, 12, 18, ECF No. 24. Without doubt, there is another side to the story. But a motion to dismiss is not the vehicle for determining which version is correct. There is no doubt that Plaintiff's complaint could have been drafted more artfully, but given the relevant pleading standards and understanding that Plaintiff wrote the amended complaint without the assistance of counsel, it is sufficient to survive Bruckner's motion to dismiss.

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Bruckner's motion to dismiss count one of Plaintiff's complaint (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed motion to dismiss the medical malpractice cause of action against Defendant Bruckner (ECF No. 45) is **GRANTED**. Plaintiff's medical malpractice claim is dismissed.

Dated at Green Bay, Wisconsin, this   25th   day of August, 2016.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court