UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTER G MATTHEWS,

    Plaintiff,

v.                                                            Case No. 16-CV-155

MARY SAUVEY, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Walter Matthews brought this civil rights action pursuant to 42 U.S.C. § 1983. Matthews alleges that various defendants were deliberately indifferent to his serious medical needs regarding an Achilles tendon injury, in violation of his Eighth Amendment rights. Matthews then filed an amended complaint alleging that various defendants retaliated against him in response to his filed complaint. Matthews has since obtained counsel to represent him in pretrial proceedings in this case. The case is before the Court on Defendants John Kind, Christopher Stevens, William Swiekatowski, and Karen Wery's motion for summary judgment on Count 3 of Plaintiff's amended complaint. (ECF No. 48.) Defendants seek summary judgment on the ground that Matthews has failed to exhaust his administrative remedies on his retaliation claims as required under the Prison Litigation Reform Act (PLRA).

## BACKGROUND

The background facts in this case surrounding the retaliation claims are largely undisputed and Matthews does not object to Defendants' Proposed Findings of Fact. (ECF No. 50.) At all times relevant, Matthews was incarcerated at Green Bay Correctional Institute (GBCI). Matthews

alleged that he suffered an Achilles tendon injury in December 2014 and that various employees at GBCI were deliberately indifferent to his medical needs. On May 20, 2015, Defendant Karen Wery removed Matthews from the medical cell where he was housed and moved him into another cell. Matthews alleged he was removed from the cell in retaliation for talking out of the cell door to the inmate housed next to him. (*Id.* at ¶ 7.) Matthews never filed an inmate complaint with the Corrections Complaint Examiner's office regarding his removal from a medical cell. (Rose Decl., ECF No. 51 ¶ 8.) Matthews did file an inmate complaint on July 29, 2015 regarding the number of visits he received each week. (*Id.* at ¶ 11–12.) The complaint was dismissed by GBCI's warden on August 5, 2015 and Matthews' failed to appeal the decision. (*Id.* at ¶ 11.) Matthews filed an identical complaint on September 17, 2015, which was denied initially and upon appeal as a previously rejected complaint. (*Id.* at ¶ 12.)

Matthews also asserts he was subjected to several acts of retaliation by members of the GBCI staff immediately following the filing of his deliberate indifference claims on February 12, 2016. Defendants William Swiekatowski and Christopher Stevens allegedly directed unnecessary strip, cell, and bunk searches after Matthews filed his complaint. Matthews was allegedly handcuffed for many of these searches. Matthews never filed an inmate complaint with the Corrections Complaint Examiner's office regarding strip, cell, or bunk searches. (*Id.* at ¶ 9.) GBCI allegedly removed an individual named Tanya Griswold from his visitor's list in violation of ordinary procedure. Matthews never filed an inmate complaint about the removal of Tanya Griswold from his visitor list. (*Id.* at ¶ 10.) Defendant John Kind allegedly restricted contact visits between Matthews and his wife in retaliation for the deliberate indifference suit. Matthews filed an inmate complaint in response that was received on March 8, 2016 and closed with a recommendation for dismissal on March 21, 2016.

(*Id.* at ¶ 13.) GBCI's warden dismissed the complaint the following day. (*Id.*) Matthews failed to appeal the warden's decision to the Corrections Complaint Examiner, as required by the Wisconsin Department of Correction's procedure. (*Id.*) Matthews' Inmate Complaint History Report illustrates that Matthews never appealed any of his complaints to the Corrections Complaint Examiners Office. (ECF No. 51-1.)

On March 25, 2016, Matthews filed an amended complaint alleging the above retaliation claims. Defendants Kind, Stevens, Swiekatowski, and Wery now move for summary judgment on the ground that the undisputed material facts establish that Matthews failed to exhaust his administrative remedies and that Defendants are entitled to judgment as a matter of law.

**ANALYSIS**

Summary judgment is proper if the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must construe the evidence in the light most favorable to the non-moving party. *Ramos v. City of Chicago*, 716 F.3d 1013, 1014 (7th Cir. 2013).

Defendants contend that they are entitled to summary judgment because Matthews failed to exhaust his administrative remedies. The PLRA provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life,

3

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement also encompasses retaliation claims. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institutional complaint examiner (ICE) within 14 calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin. Code § DOC 310.09(6). The ICE has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. Wis. Admin. Code § DOC 310.07(2)(a)–(c). If a reviewing authority renders a decision, the inmate may appeal that decision to the Corrections Complaint Examiner (CCE) within 10 calendar days. Wis. Admin. Code § DOC 310.13(1). After receiving an appeal, the CCE shall issue a written receipt of the appeal to the inmate within five working days, then recommend a decision to the DOC Secretary, who adopts or rejects the recommendation. Wis. Admin. Code §§ DOC 310.13(4), DOC 310.14(2). The failure to properly exhaust each step of the

4

grievance process constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025.

Here, Matthews does not dispute that he failed to file an ICRS complaint regarding being handcuffed and strip searched, the staff conducting searches of his bunk, and the removal of an individual from his visitor list. He also does not dispute that he failed to appeal to the CCE his complaints about the reduced number of weekly visits in 2015 or the restriction of visits with his wife in March 2016. Matthews failed to exhaust his available administrative remedies on the claims involving defendants Swiekatoski, Stevens, and Kind, and the claims against those parties must be dismissed. Matthews contends that any dismissal should be without prejudice. However, Matthews' window to pursue his administrative remedies has already closed and exhaustion is impossible. *See Ford v. Johnson*, 362 F.3d 395, 400–01 (7th Cir. 2004) ("If it is too late to pursue administrative remedies, then exhaustion will prove impossible and § 1997e(a) will permanently block litigation."). Matthews' alleged retaliation claims occurred no later than March 25, 2016—more than seven months ago. Matthews would have needed to file any administrative complaints within two weeks of the incident and then appeal an unfavorable decision within ten days of receiving the decision. He offered no reason suggesting there was good cause for failing to timely file an inmate complaint or subsequent appeal to the CCE. Accordingly, the retaliation claims against Swiekatoski, Stevens, and Kind will be dismissed with prejudice.

In regard to his cell transfer claim against Wery, Matthews argues the claim should be considered part of his Eighth Amendment medical deliberate indifference claim. This is a distinction without a difference. Matthews alleges that he filed the necessary complaints relating to the treatment of his Achilles injury. However, "[c]omplaints filed by an inmate or a group of inmates

5

shall . . . [c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e). Matthews does not dispute that he failed to file an ICRS complaint about the transfer from his medical cell. The removal from a medical cell without a doctor's consent is a distinct issue, different from how a doctor may treat an injury or prescribe medication. Even if Matthews intended for the medical cell movement claim against Wery in his complaint to be for deliberate indifference—and not for retaliation as he actually alleged—Matthews would still be required to exhaust his administrative remedies by filing the required inmate complaint. Because Matthews failed to exhaust his administrative remedies on his claim against Wery, his claim against Wery must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (ECF No. 48) is **GRANTED**. Defendants Wery, Swiekatoski, Stevens, and Kind will be **DISMISSED** as parties to this action. Count 1 of Matthews' amended complaint for deliberate indifference against Defendants Alsteen, Bruckner, and Dr. Sauvey remains.

Dated this   10th   day of November, 2016.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court